FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2012 DEC 13 P 4: 18

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DUNCAN STONE, )
)
    Petitioner, )
)
v. ) CIVIL ACTION NO.: CV612-084
)
)
JASON MEDLIN, Warden, and )
BRIAN OWENS, Commissioner, )
)
    Respondents. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Duncan Stone ("Stone"), who is currently incarcerated at the Wheeler Correctional Facility in Alamo, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in the Screven County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Stone filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Stone was convicted, after a jury trial, of aggravated sodomy, sexual battery, and alcohol sales to a person under age on May 18, 2007. Stone received a 15-year "split" sentence, to serve 10 years in prison, to be followed by serving the remaining 5 years of his sentence on probation. (Doc. No. 9-5, p. 117). Stone filed a direct appeal. The Georgia Court of Appeals affirmed Stone's convictions and sentence on April 1, 2009. (Doc. No. 9-9, p. 26). Stone did not file a motion for reconsideration.

Stone then executed an application for writ of habeas corpus in the Johnson County Superior Court on April 21, 2009, which was mailed on April 28, 2009, and was filed in that court on April 30, 2009. (Doc. No. 9-1, pp. 1, 5, 17). After an evidentiary hearing, the state habeas corpus court denied Stone's application by order dated August 16, 2010, which was filed on August 24, 2010. (Doc. No. 9-2, pp. 1, 7). Stone filed an application for a certificate of probable cause to appeal the denial of his state habeas corpus application on September 20, 2010. (Doc. No. 9-3). The Georgia Supreme Court denied Stone's application on September 6, 2011. (Doc. No. 9-4).

In this petition, which was executed on September 6, 2012, Stone asserts that the trial court erroneously allowed pages from Stone's journal to be admitted into evidence, in violation of his right to due process. Stone also asserts that an alternate juror deliberated with the jury. Stone contends that the trial judge did not correct this error, thus making the verdict void.

Respondent contends Stone's petition should be dismissed as being untimely filed. Stone responds that his petition was filed timely.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Stone's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Stone was sentenced in the Screven County Superior Court on May 18, 2007. Stone filed a direct appeal. The Georgia Court of Appeals affirmed Stone's convictions and sentence on April 1, 2009. Stone then had a period of ten (10) days to file a motion for reconsideration or a notice of intent to file a petition for writ of certiorari to the Georgia Supreme Court. Ga. Ct. App. R. 37(b) (stating that a motion for reconsideration must be filed with the Court of Appeals within 10 days of the decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that a notice of intent to apply for a writ of certiorari must be filed within 10 days of the date of the decision to be reviewed); and Ga. Ct. App. R. 38(a)(1) (stating a notice of intent to petition for writ of certiorari in the Georgia Supreme Court shall be filed within 10 days and that filing a motion for reconsideration is not a prerequisite). Thus, Stone's conviction became final on or about April 11, 2009. Stone had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

AO 72A
(Rev. 8/82)

However, the applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Stone's conviction became final on April 11, 2009, and he filed his application for writ of habeas court in the Johnson County Superior Court on April 28, 2009 (the date Stone used as being the day he placed that petition in the mail). By that time, 17 days of the statute of limitations period applicable to section 2254 petitions had run. The applicable statute of limitations period was tolled while Stone's properly filed state habeas corpus proceedings were completed. The Georgia Supreme Court denied Stone's application for certificate of probable cause to appeal the denial of his state habeas corpus petition on September 6, 2011. The applicable statute of limitations period once again began to run. Stone had 349 days (leap year of 366 days less 17

4

days that had run) or until on or before August 20, 2012, to file his section 2254 petition in a timely manner. As Stone did not file this petition until September 6, 2012, his petition was filed too late.

Having determined that statutory tolling is not available to Stone, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Stone has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions. In fact, Stone offers no valid explanation for his untimely filing. Contrary to Stone's assertion, the date his state habeas corpus application became "final" is not the triggering event for statute of limitations purposes. Rather, it is the date his *conviction* became final. As noted above, Stone's conviction became final on April 11, 2009, and he did not file his section 2254 within one year of that time.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Stone's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 13th day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)