FILED
U.S. DISTRICT COURT
SAVA...
2013 JAN 14 AM 10: ?
CLERK____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| DUNCAN STONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV612-084 |
| | ) | |
| JASON MEDLIN, Warden, and | ) | |
| BRIAN OWENS, Commissioner, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Duncan Stone ("Stone") contends that April 21, 2009, should be considered the date he mailed his state habeas corpus petition, as the stamp from the notary public demonstrates that this is the date he mailed his petition. The Court recognizes that there are several pages of Stone's state habeas corpus petition bearing April 21, 2009. (Doc. No. 9-1, pp. 5, 7-8). However, the certificate of service attached to Stone's petition is dated April 28, 2009 (the date the Magistrate Judge cited), and this certificate states, "Service was made by placing the same in an envelope, . . ., and *on this day* mailed to the party(s) as follows[.]" (Id. at p.

20) (emphasis added). The date a prisoner's pleading is considered "filed" is the date a prisoner places the pleading in the prison mailing system for forwarding to a court, not necessarily the date the prisoner signs the pleading. Houston v. Lack, 487 U.S. 266, 270 (1988). In this case, April 28, 2009, is the date petitioner "filed" his state habeas corpus petition, as there is nothing before the Court which establishes Stone placed his state habeas corpus petition in the prison mail system on a date other than April 28, 2009. Additionally, and contrary to Stone's assertion, the statute of limitations period would not have been tolled for the ten (10) day period he had under Georgia Supreme Court Rule 27 to file a motion for reconsideration of the Georgia Supreme Court's denial of his application for certificate of probable cause to appeal the denial of his state habeas corpus petition. Hall v. Humphrey, 155 F. App'x 441, 444 (11th Cir. 2005) (noting the petitioner's statute of limitations period was not tolled during the time the petitioner could have sought review of a certificate of probable cause denial or moved for reconsideration of that denial); but, see, Jones v. Johnson, 2012 WL 1094711, at *5 (M.D. Ga. Mar. 30, 2012) (questioning whether Hall "is sound authority for the proposition" that the statute of limitations is not tolled during the time in which a petitioner could have moved for reconsideration). Even if the statute of limitations period had been tolled for these ten (10) days, Stone's petition was filed seven (7) days too late.

Stone's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Stone's petition for writ of habeas

AO 72A
(Rev. 8/82)

corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**, with prejudice. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 14 day of Jan, 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)