UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DUNCAN STONE,

Petitioner,

v.                      6:12-cv-84

JASON MEDLIN, Warden, and BRIAN OWENS, Commissioner,

Respondents.

## ORDER

### I. INTRODUCTION

Duncan Stone has appealed this Court's Order dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus. *See* ECF Nos. 14; 16. Stone has requested a Certificate of Appealability ("COA"), ECF No. 17, and leave to appeal in forma pauperis ("IFP"). ECF No. 18. For the reasons discussed below, both requests are ***DENIED***.

### II. ANALYSIS

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336; *see also* 28 U.S.C. § 2253(c)(2). Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Here, Stone filed his § 2254 petition on September 6, 2012. ECF No. 1 at 15. In his Report and Recommendation ("R&R"), the Magistrate Judge found that the deadline for Stone to file his petition was August 20, 2012, and therefore, recommended that Stone's petition be dismissed as untimely. ECF No. 11. The Magistrate Judge further found that Stone "offer[ed] no valid explanation for his untimely filing," and therefore failed to show that he diligently pursued his rights or was encumbered by some extraordinary circumstance. *Id.* at 5. As such, the Magistrate Judge also found that Stone was not entitled to equitable tolling of the statute of limitations. *Id.*

Stone objected to the R&R, erroneously arguing that April 21, 2009, not April 28, 2009, was the date that his previous state habeas petition should have been considered mailed, thus tolling the statute of limitations

a week earlier. ECF No. 13. After finding "nothing before the Court which establishes Stone placed his state habeas corpus petition in the prison mail system on a date other than April 28, 2009," the Court then noted that "[e]ven if the statute of limitations period had been tolled [since April 21, 2009], Stone's petition was [still] filed seven (7) days too late." ECF No. 14 at 2. Thus, the Court adopted the R&R and dismissed Stone's petition. *Id.* at 2-3.

Stone now argues that he "is due Federal Habeas Relief in spite of a Procedural Default, based on the 'Actual Innocence' doctrine." ECF No. 17 at 1.

"A court may . . . consider an untimely § 2254 petition if, by refusing to consider the petition for untimeliness, the court thereby would endorse a 'fundamental miscarriage of justice' because it would require an individual who is actually innocent remain imprisoned." *San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (citing *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001)). This actual innocence exception, however, is "exceedingly narrow in scope," and requires the petitioner to "demonstrate that he is factually innocent rather than legally innocent." *Id.* This, Stone fails to do.

The primary constitutional issue raised by Stone in his habeas petition and reasserted by him in his COA request is that at trial, an alternate juror initially deliberated with the jury, requiring a curative instruction from the trial judge who then sent the correct twelve jurors out to "deliberate anew." *See* ECF Nos. 1; 17. Despite the concerns raised by this mistake, the error was purely legal in nature and does nothing to demonstrate Stone's factual innocence. Stone's remaining attempt to demonstrate factual innocence is a mere recitation of his version of what happened the night of the crime and his attempt to discredit the victim's trial testimony. *See* ECF No. 17. But the jury already heard Stone's version of events, the victim's testimony, and Stone's cross-examination of the victim at trial, and decided that there was enough evidence to find Stone guilty beyond a reasonable doubt. Stone cannot show actual innocence by disagreeing with the jury's findings of fact based on evidence heard at trial, and he presents no new facts that demonstrate actual innocence. Stone fails to make the showing required for the actual innocence exception to apply to his untimely petition.

Despite whether Stone has stated a debatably valid claim of the denial of a constitutional right, the procedural bar remains, and he fails to state how jurists of reason would find the Court's procedural ruling debatable. Accordingly, Stone's request for COA, ECF No. 17, is ***DENIED***.

The Court now moves on to Stone's request for leave to appeal IFP. "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

For the reasons stated above, Stone's claim is barred by the statute of limitations. Stone seeks to appeal the Court's ruling on that timing issue, but he states no argument of any merit, either in law or fact, to get around that bar. He no longer attempts to argue that the Court erred in its finding of no statutory or equitable tolling of the statute of limitations, and rests his entire appeal on an actual innocence claim. ECF No. 17. But Stone's attempt to show actual innocence is meritless. Therefore, Stone's claims are frivolous and his appeal is not taken in good faith. Accordingly, his request for leave to appeal IFP, ECF No. 18, is **DENIED**.

### III. Conclusion

Stone's requests for COA, ECF No. 17, and for leave to appeal IFP, ECF No. 18, are both **DENIED**. The Court assesses the full filing fee of $455.

This 19 day of February 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA